AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| FRANCIENE SMITH | )    Case No.   1:21-mj- *419 - DJS* |
| | ) |
| | ) |
| | ) |
| | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On

or about the date(s) of April 14, 2020 in the county of Schenectady in the Northern District of New York the

defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(3) | Possession of a Firearm by Prohibited Person (Unlawful User of Controlled Substance(s)) |

This criminal complaint is based on these facts:
See Attached Affidavit

☒    Continued on the attached sheet.

_____
*Complainant's signature*

Jason Stocklas, ATF SA
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:   Sept 2, 2021

_____
*Judge's signature*

City and State:    Albany, NY        Hon. Daniel J. Stewart, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Jason Stocklas, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. This affidavit is made in support of a criminal complaint charging FRANCIENE SMITH (hereinafter, "SMITH") with violating 18 U.S.C. § 922(g)(3) (possession of firearm by prohibited person, unlawful user of controlled substance).

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter, designated as ATF) and declare that I am the type of Special Agent as delineated by Title 18 USC 3051. I am presently assigned to the Albany, New York Field Office. Your affiant has been employed as an ATF Special Agent for fourteen years. Your affiant is a graduate of Rensselaer Polytechnic Institute in Troy, NY with a Bachelor of Science Degree in Chemical Engineering, and the Missouri University of Science and Technology in Rolla, MO with a Master of Science Degree in Explosives Engineering. Your affiant is also a graduate of the Criminal Investigator Training Program and ATF National Academy, both located at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant serves as a Certified Explosives Specialist and Bomb Technician as well as a firearms and ammunition expert for ATF. Additionally, your affiant has testified as an expert witness in US District Court pertaining to firearms and interstate nexus five times. Prior to becoming an ATF Special Agent, your affiant completed the Zone Five Regional Law Enforcement Training Center Basic School for Police Officers and served as a uniformed member of the Troy, NY Police Department for approximately three years. Additionally, your affiant served as a uniformed member of the Troy Housing Authority Department of Public Safety for approximately 2 years. While a member of the Troy, NY Police Department, I completed training to become a Field Training Officer and served in that capacity for approximately eighteen months. I also received advanced training in handling emotionally disturbed persons while serving as a member of the Troy, NY Police Department and was a founding member of the department's Emotionally Disturbed Persons Response Team.

3. Your affiant has participated in many investigations involving the possession of firearms and ammunition by people prohibited under federal law from possessing firearms and ammunition. Your affiant has also participated in many investigations involving the illegal trafficking of firearms. Your affiant is well acquainted with the manufacturing of firearms and ammunition and what constitutes the manufacture of firearms under federal law, and has directly observed the manufacture of firearms and ammunition from numerous large scale, federally licensed manufacturers. Through these investigations, my training and experience, and conversations with other law enforcement officers, I have become familiar with the methods used by firearms traffickers to acquire, manufacture, transport, store, and sell firearms.

4. The facts in this affidavit come from my personal observations and investigation, information and reports received, directly and indirectly, from New York State Police (NYSP) Troopers and Investigators and other ATF agents and task force officers, and my training and experience. Because this affidavit is being submitted for the limited purpose of supporting a

criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that SMITH has committed a violation of 18 U.S.C. § 922(g)(3) (prohibited person (unlawful user of a controlled substance) in possession of a firearm).

## PROBABLE CAUSE

5. On April 16, 2020 members of the NYSP responded to 6761 Duanesburg Road, Duanesburg, NY 12056 for a report of a missing firearm. Upon arrival of NYSP, Raymond SMITH reported that his Ruger, model LCP pistol, .380 ACP Caliber, bearing serial number 377-52589 was missing. The pistol was properly registered on Raymond SMITH'S NY State Pistol license and was normally stored in Raymond SMITH'S nightstand.

6. NYSP members conducted an investigation into the stolen firearm and developed reason to believe that the firearm had been stolen by Raymond SMITH'S wife, Franciene SMITH. On April 20, 2020, Franciene SMITH was interviewed by NYSP Investigator Tony Dilallo and provided a sworn statement that on or about April 14, 2020, SMITH stole the aforementioned Ruger pistol from her husband and gave it to Sean MARTIN of Schenectady, NY. SMITH also stated that she purchased $20 or $30 worth of cocaine from MARTIN at the time that she gave him the pistol.

7. On April 21, 2020, NYSP members served a NY State authorized search warrant at 309 Victory Avenue. NYSP members located the aforementioned Ruger pistol, along with assorted narcotics and related items. MARTIN, who was present at the time of the search warrant was arrested, and in a post Miranda statement admitted to NYSP members that the narcotics found were his and that he was the person in possession of the aforementioned Ruger pistol.

8. On October 2, 2020, your affiant and Investigator Dilallo interviewed Franciene SMITH at the NYSP Princetown barracks. SMITH advised your affiant and Investigator Dilallo that she was currently a regular out-patient at Conifer Park, a substance abuse treatment facility. She stated that she was a regular user of illegal drugs at the time that she stole the Ruger pistol from her husband. SMITH confirmed that the firearm was not hers and belonged to her husband. SMITH recounted the same sequence of events that she told Investigator Dilallo on April 20, 2020, specifically that she had stolen the Ruger pistol, that she traded/sold the firearm to MARTIN along with cash in exchange for cocaine from MARTIN after giving him the pistol.

9. The aforementioned firearm was not manufactured in NY. Accordingly, it has previously moved in and affected commerce.

## CONCLUSION

10. Based upon the above information, I believe there is probable cause to establish that SMITH has violated 18 U.S.C. § 922(g)(3), which makes it unlawful for any person who unlawfully uses a controlled substance to possess in and affecting commerce, any firearm.

Attested to by the affiant,

Jason Stocklas
Special Agent, ATF

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on September 2, 2021, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure:

Hon. Daniel J. Stewart
United States Magistrate Judge
Northern District of New York